993 F.2d 1552
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Reginald Lester PHILLIPS, Petitioner-Appellant,
v.
Ron CHAMPION, Warden; Attorney General, for the State of
Oklahoma, Respondents-Appellees.
 No. 92-5183.
 United States Court of Appeals, Tenth Circuit.
 May 11, 1993.
 
 Before MOORE and BRORBY, Circuit Judges, and VAN BEBBER,* District Judge.
 ORDER AND JUDGMENT**
 JOHN P. MOORE, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner-appellant Reginald Phillips appeals the district court's adoption of the magistrate judge's proposed findings of fact and recommended disposition, denying his motion for relief under 28 U.S.C. § 2254. Because Phillips received effective assistance of counsel, we affirm.
 
 
 3
 On August 5, 1985, at approximately 4:54 a.m., a woman was awakened by a figure leaning over her with a knife at her throat. She grabbed the knife by its blade, cutting her hand deeply and breaking the knife. She then attempted to defend herself with a .357 revolver, but was disarmed by the intruder. The intruder raped and sodomized the victim several times.
 
 
 4
 At approximately 6:00 a.m., the victim called the police. She reported that the rapist was a black man with a light beard, wearing a gold ring and a pair of shorts. She noted that the .357 revolver was missing and that, based on statements made about her daughter and her pets, the intruder knew her. The victim was taken to the hospital for a rape examination.
 
 
 5
 The police began to canvas the neighborhood. They spoke with the victim's next door neighbor, Terri Lincoln, twice, but did not enter her house. At approximately 7:00 a.m., a black male was seen leaving Lincoln's house and driving away. The officers then returned to the neighbor's home to make further inquiries. Lincoln identified the man as Reginald Phillips and explained that he occasionally stayed at her home. Lincoln's son, Tony Holt, gave the police a gold ring which he stated he had seen Phillips washing in the sink. In response to an inquiry about the clothing Phillips had worn the prior evening, Lincoln described the clothes and indicated that they were on the bedroom dresser. The police asked for, and received, Phillips' clothing from Ms. Lincoln.
 
 
 6
 Phillips returned from work between 8:30 and 9:00 that morning. Upon his return, Tony Holt informed the victim that the rapist might be staying at his house. The victim called the police and requested that they investigate. When the call came through, it included a reference to a gun, presumably the .357 revolver missing from the victim's home. Upon arriving at the Lincoln home, Tony Holt let the officers in, stating "he is in there." I Supp., Tr. at 124. Because the call involved the presence of a gun, the officer asked Phillips to step outside, where they could resolve the matter. When Phillips exited the house, the victim said "oh, my God, that is him. Oh, my God, that is him." I Supp., Tr. at 39. Phillips' hand had bruises around the fingers, and cuts in the palm. He also had scratches and abrasions on his chest. Phillips was arrested a few minutes later.
 
 
 7
 The next day, Terri Lincoln discovered Phillips' shorts with dark smudges which appeared to be blood stains. She also discovered a .357 bullet under the couch. The police were called and these items were turned over.
 
 
 8
 Phillips was convicted of first degree rape, first degree burglary, forcible sodomy, assault and battery with a dangerous weapon, and feloniously pointing a weapon. He did not challenge the legality of his arrest or the seizure of his belongings either at trial or on direct appeal. He then applied for state post-conviction relief, claiming, in pertinent part, that he was denied the effective assistance of counsel because his attorneys failed to challenge his arrest and the seizures. This application was denied at both the district court and appellate level.
 
 
 9
 Phillips submitted a petition for writ of habeas corpus to the United States District Court for the Northern District of Oklahoma, raising the ineffective assistance claim. The district court adopted the magistrate's report and recommendation, finding that Phillips' claims of illegal arrest and unreasonable search and seizure were without merit. This appeal follows.
 
 
 10
 A claim of ineffective assistance of counsel raises a mixed question of law and fact. United States v. Maxwell, 966 F.2d 545, 547 (10th Cir.), cert. denied, 113 S.Ct. 826 (1992). We review the facts found by the district court under a clearly erroneous standard, and review the ultimate legal conclusions de novo. United States v. Miller, 907 F.2d 994, 996 (10th Cir.1990).
 
 
 11
 Phillips argues that his trial and appellate attorneys were ineffective in failing to challenge his warrantless arrest and the seizures of evidence from Terri Lincoln's home. To succeed on this claim, Phillips must prove that his Fourth Amendment claims are meritorious and that there is a reasonable probability that the verdict would have been different, absent the excludable evidence. Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); United States v. Owens, 882 F.2d 1493, 1498 (10th Cir.1989).
 
 
 12
 Phillips alleges three Fourth Amendment violations: (1) illegal search and seizure of his ring, shirt, shoes and socks, on August 5, 1985; (2) illegal warrantless arrest on August 5, 1985; and (3) illegal search and seizure of his shorts and the bullet on August 6, 1985. Each of these will be addressed separately.
 
 
 13
 The Fourth Amendment prohibition against a warrantless search and seizure does not apply when voluntary consent is obtained, either from the individual whose property is searched, or from a third party who possesses common authority over the property. Illinois v. Rodriguez, 497 U.S. 177, 181 (1990); United States v. Matlock, 415 U.S. 164, 170 (1974); United States v. Falcon, 766 F.2d 1469, 1474 (10th Cir.1985). "If common authority is established, the person whose property is searched is unjustified in claiming an expectation of privacy in the property because that person cannot reasonably believe that the joint user will not, under certain circumstances, allow a search in her own right." United States v. McAlpine, 919 F.2d 1461, 1463 (10th Cir.1990).
 
 
 14
 Here, Ms. Lincoln had complete access to and control over the articles of clothing located in her home. Her consent, therefore, was sufficient to negate the requirement of a warrant, and validated the August 5, 1985, search and seizure in this case.
 
 
 15
 Phillips attempts to argue that Ms. Lincoln's consent was ineffective because it was she, rather than the officers, who searched for Phillips' clothing. He contends that by doing so, Ms. Lincoln became the "agent" of the police, citing Burdeau v. McDowell, 256 U.S. 465 (1921). Phillips, however, confuses two situations which arise under the Fourth Amendment. Burdeau and its progeny are designed to prevent the police from enlisting a third party to perform a search which the officers themselves could not perform without a warrant. Here, in contrast, Ms. Lincoln had authority to consent to the search, thus obviating the need for a warrant. Because the officers had full authority to conduct the search, it does not matter that Ms. Lincoln and her son actually produced the seized items. This is not a case in which law enforcement officers attempted to circumvent Fourth Amendment requirements through the use of a private agent. See, e.g., Pleasant v. Lovell, 876 F.2d 787, 796-98 (10th Cir.1989).
 
 
 16
 Phillips also argues that the officers lacked probable cause to arrest him without a warrant. "Probable cause exists where the facts and circumstances within an officer's knowledge and of which he had reasonably trustworthy information are sufficient to warrant a prudent man in believing that an offense has been or is being committed." Karr v. Smith, 774 F.2d 1029, 1031 (10th Cir.1985). Here, the officers had the following information before arresting Phillips: Phillips matched the description of the rapist; he possessed a gold ring which he was seen washing in the sink; he stayed next door to the victim and could have learned about her children and pets; he had cuts and bruises on his hands and chest; he was seen wearing shorts approximately one hour after the rape; and, most importantly, he was identified by the victim as the perpetrator. We hold that this information was sufficient to provide probable cause to arrest Phillips without a warrant. See id. at 1032 (probable cause existed when officer observed that property damage was intentional and owner identified suspect as perpetrator).
 
 
 17
 Phillips argues that the officers were without authority to search and seize his shorts and the bullet without a warrant, and further, that it was improper to test the shorts for blood spots. The record, however, shows that no search and seizure occurred. Rather, Ms. Lincoln volunteered these items on the day after the rape, without any requests by law enforcement officials. As these actions were taken on Ms. Lincoln's own initiative, the Fourth Amendment protections were not implicated. See, e.g., Coolidge v. New Hampshire, 403 U.S. 443, 487-89 (1971). Even if the shorts and bullet were turned over in response to a police request, it is clear that Ms. Lincoln consented to the seizure. Because her control over the items was absolute, once she consented to seizure of the shorts, no additional authority was necessary for the officers to search the shorts for blood stains. See Falcon, 766 F.2d at 1476.
 
 
 18
 Based on the foregoing, it is clear that a motion to suppress would have been unavailing had it been made by counsel. Without a meritorious Fourth Amendment claim, Phillips' Sixth Amendment claim must fail and he is not entitled to habeas relief. Owens, 882 F.2d at 1500.
 
 
 19
 The judgment of the United States District Court for the Northern District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable G. Thomas Van Bebber, District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3